UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS LOU ABUSAID, JR.,

        Plaintiff,

v.                                              CASE NO.: 8:07-cv-1166-T-26MAP

UNITED STATES OF AMERICA, *et al.,*

        Defendant.
_____/

## REPORT AND RECOMMENDATION

After an eight-day trial, a jury found the Plaintiff guilty of maintaining an establishment for the purpose of unlawfully distributing or using a controlled substance (21 U.S.C. § 856(a)(2) and (b)) and possession of a firearm by a convicted felon (18 U.S.C. § 924(a)(2)). *See United States v. Abusaid,* Case No.8:04-cr-490-T-17TBM. Currently serving concurrent 97-month sentences, the Eleventh Circuit has affirmed his convictions. *Id.* at doc. 181. Despite all this, the Plaintiff brings the instant action claiming DEA agents violated his "liberty interest protected by the Due Process Clause under the First, Fourth, Fifth and Fourteenth Amendments." *See* doc. 11 at p. 6 (amended complaint).[1] And he seeks compensatory damages in excess of $75,000. At issue now is whether the Court should grant his *in forma pauperis* application (doc. 6) under 28

---

[1] In his amended complaint, Plaintiff brings this action against these agents individually and in their official capacity, the United States, and the Drug Enforcement Administration. He makes these claims under the Federal Torts Claims Act (28 U.S.C. § 1367(b)) and *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). Clearly, constitutional tort claims are not cognizable against the United States or its agencies under the FTCA. *See FDIC v. Meyer,* 510 U.S. 471, 475-477 (1994). Nor can a *Bivens* action be brought against a federal agency. *Id.* at 485-486. Nor can an agency be held vicariously liable in a *Bivens* action. *Dalrymple v. Reno,* 334 F.3d 991(11th Cir. 2003). Irrespective, reading the Plaintiff's claims liberally, the Plaintiff's allegations are better construed as a *Bivens* action against the DEA agents for alleged constitutional violations.

U.S.C. 1915 or dismiss the complaint because it is frivolous given the application of *Heck v. Humphrey,* 512 U.S. 477 (1994). Finding that *Heck* bars all his claims, I find the complaint frivolous and recommend the district judge deny his *in forma pauperis* application and dismiss his complaint.[2]

   *A. Standard of Review*

Section 1915 directs a court when considering *in forma pauperis* requests to dismiss the case "at any time if the court determines that … the action or appeal … is frivolous or malicious [or] fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B).[3] A claim is considered frivolous if it lacks an "arguable basis in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). "Arguable" means "capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (dismissing appeal as frivolous). Stated another way, the "realistic chances of ultimate success are slight." *Id.* And a district court's authority to dismiss as frivolous under § 1915(e) is broader that dismissal under Fed. R. Civ. P. 12. *Id.*

   *B. Discussion*

*Heck* held that a state prisoner claiming that state officials had unconstitutionally secured his conviction by improperly investigating his crime and destroying evidence could not recover damages under § 1983 when his conviction had not previously been invalidated. Hence, district courts are to consider in such cases "whether a judgment in favor of a plaintiff would necessarily

---

[2] This matter has been referred to me for a report and recommendation per 28 U.S.C. § 636.

[3] The specific language states "the court *shall dismiss* the case at any time if the court determines …" *Id.* (emphasis added)

imply the validity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Abusaid v. Hills. County Brd. of County Comm.,* 405 F.3d 1298, 1315 n.9 (11th Cir. 2005) quoting *Heck* at 487.[4] *Heck's* rule applies here.

The focus of Plaintiff's complaint concerns the government's joint investigation with local authorities of his establishment, an investigation that led to his ultimate conviction. Although his complaint and his precise constitutional allegations are difficult to decipher, he essentially alleges that the two DEA agents involved concocted some type of "illegal scheme" and thereby violated his due process rights. For example, the agents knowingly used Hoang Van Bui, the government's key witness at trial, to "bring forth false allegations" against him. *See* doc. 11, ¶ 19. These claims, at least indirectly, were a feature of the Plaintiff's appeal of his convictions to the Eleventh Circuit. In that appeal, the Plaintiff, notably, did not challenge the sufficiency of the evidence against him; instead, he challenged the sentencing judge's drug quantity calculations. *See United States v. Abusaid,* 186 Fed. Appx. 951, 956 (11th Cir. 2006) ("At the outset, we conclude that Abusaid's brief does not so much challenge the credibility of Bui as it does challenge the reliability of his testimony as evidence of the proper drug quantity.").

*C. Conclusion*

Because any recovery in this *Bivens* action would necessarily imply the invalidity of his conviction, a conviction and sentence that has not been invalidated, *Heck* requires dismissal of the

---

[4] Like in this complaint, Abusaid's appeal involves the events surrounding his operation of a dance hall. His appeal, however, dealt his claims concerning code enforcement. The Eleventh Circuit *sua sponte* invited the district judge on remand to consider *Heck's* application to those claims.

complaint.  Accordingly, it is

    RECOMMENDED:

    1.  Plaintiff's amended motion for leave to appeal *in forma pauperis* (doc. 6) be DENIED.

    2.  Plaintiff's amended complaint (doc. 11) be dismissed as frivolous.

    IT IS SO REPORTED at Tampa, Florida on August 17, 2007.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:   The Honorable James D. Whittemore
      Plaintiff, pro se