UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS LOU ABUSAID, JR.,

    Plaintiff,

vs.                                      Case No. 8:07-cv-1166-T-27MAP

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation submitted by the Magistrate Judge recommending that Plaintiff's Amended Motion to Proceed *in forma pauperis* (Dkt. 6) be denied and the case be dismissed with prejudice (Dkt. 12). Plaintiff has filed objections to the Report and Recommendation (Dkt. 13).

In this action, Abusaid alleges that two DEA agents "deviced an unlawful scheme" which previously led to his criminal convictions for maintaining an establishment for the purpose of unlawfully distributing or using a controlled substance and possession of a firearm by a convicted felon. (*See* Case No. 8:04-cr-490-T-17TBM). Specifically, Abusaid alleges that the DEA agents used Hoang Van Bui, a key witness at the criminal trial, to "bring forth false allegations against Abusaid" and that the DEA agents used another informant to "create evidence the drug sales were take place within Abusaid's night club." (Dkt. 11, ¶¶ 19-20).

In a thorough and well-reasoned opinion, the Magistrate Judge correctly concluded that Plaintiff's motion to proceed *in forma pauperis* be denied and that this action be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). It is well-settled that a prisoner may not recover under 42 U.S.C. § 1983 for claims that directly call into question the validity of his criminal conviction,

unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Plaintiff's convictions have been affirmed, (Case No. 04-cr-490, Dkt. 181), and as the Magistrate Judge determined, Plaintiff's allegations in this case necessarily imply the invalidity of his prior conviction. Accordingly, the instant case must be dismissed. The cases cited by Plaintiff in his Objections do not dictate a different result under these facts. *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (allowing § 1983 action because prisoners' allegations concerning parole procedures did not necessarily imply the invalidity their conviction or sentence).[1]

After careful consideration of Report and Recommendation and Plaintiff's objections, in conjunction with an independent examination of the file, the Court is of the opinion that the Report and Recommendation should be adopted, confirmed, and approved in all respects. Accordingly, it is **ORDERED AND ADJUDGED**:

1)   The Report and Recommendation (Dkt. 12) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2)   Plaintiff's Amended Motion to Proceed *in forma pauperis* (Dkt. 6) is **DENIED**.

3)   Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE.**

4)   The Clerk is directed to close this case.

**DONE AND ORDERED** in Tampa, Florida, on this 13th day of September, 2007.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
*Pro se* party, Counsel of Record

---

[1] *Wallace v. Kato*, also cited by Plaintiff, is not relevant to the instant issue. *See Wallace v. Kato*, --- U.S. ---, 127 S. Ct. 1091, 1100 (2007) (holding that statute of limitations for a § 1983 claim seeking damages for a false arrest is not tolled pending completion of state proceedings).